```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                            **Crim. Action No.: 2:19-CR-10**
                                                              **(JUDGE KLEEH)**

**JAMIE WILLIAM SITES,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS (IN ADVANCE) FOR AN EXTENSION OF TIME IN
WHICH TO FILE A MOTION UNDER 28 U.S.C. § 2255
AND MOTION FOR TRANSFER**

## I. Procedural History

On January 20, 2021, Defendant Jamie William Sites ("Defendant" or "Defendant Sites"), an inmate at Potomac Highlands Regional Jail, filed a pro se letter motion requesting, in advance of the expiration of the one-year period of limitation for timely filing of a petition under 28 U.S.C. § 2255, an extension of time on that period of limitation. [ECF No. 65]. On January 21, 2021, Defendant Sites filed a second pro se letter motion requesting the same relief. [ECF No. 66]. On January 27, 2021, Defendant Sites filed a third pro se letter motion again requesting the same relief. [ECF No. 67].

In this matter, the one-year period of limitation commences on "the date on which the judgment of conviction becomes final."

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS (IN ADVANCE) FOR AN EXTENSION OF TIME IN
WHICH TO FILE A MOTION UNDER 28 U.S.C. § 2255
AND MOTION FOR TRANSFER**

28 U.S.C. § 2255(f)(1). This Court entered a judgment order sentencing Defendant to a total of 240 months incarceration on January 23, 2020. No appeal was filed. The deadline for timely filing of a § 2255 petition has not yet expired. This Court denies defendant's motion in advance to extend the one-year limitation period for filing a petition under 28 U.S.C. § 2255. Further, to the extent Defendant Sites requested the Court transfer him to a federal correctional facility, the Court denies the pro se letter motions on this ground. [See ECF Nos. 65, 66, 67]

## II.  Facts

On May 20, 2019, Defendant pled guilty to counts one and three of the Indictment: Count one, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and count three, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

On January 23, 2020, this Court sentenced Defendant to a total of 240 months incarceration to be followed by a five-year term of supervised release. This Court entered judgment on January 27, 2020. On January 20, 2021, the defendant filed his first pro se letter motion, requesting in advance, an extension of the one-year period of limitation for filing a petition under 28 U.S.C. § 2255, presumably because he has no present access to the law books and

Case 2:19-cr-00010-TSK-MJA Document 68 Filed 01/27/21 Page 3 of 8 PageID #: 392

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS (IN ADVANCE) FOR AN EXTENSION OF TIME IN
WHICH TO FILE A MOTION UNDER 28 U.S.C. § 2255
AND MOTION FOR TRANSFER**

assistance he believes he needs to prepare his petition. His letter motion also states that he is currently in state custody and requests a period of 90 days from the time he arrives at a federal facility. See ECF Nos. 65, 66, 67. Each letter motion requests the same relief. Id.

### III. Applicable Law

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides: "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f)(1). The one-year limitations period begins to run from the latest of:

(1) the date on which the judgment of conviction is final;

(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

A conviction becomes final on the date upon which a defendant "declines to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). "For purposes of the limitations period of § 2255, when there is no direct

Case 2:19-cr-00010-TSK-MJA   Document 68   Filed 01/27/21   Page 4 of 8   PageID #: 393

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS (IN ADVANCE) FOR AN EXTENSION OF TIME IN
WHICH TO FILE A MOTION UNDER 28 U.S.C. § 2255
AND MOTION FOR TRANSFER**

appeal, a judgment of conviction becomes final ten days from the date judgment is entered." See Sherrill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. Crim. P. 45(a).

This Court lacks jurisdiction to consider a defendant's request of an extension of time to file a § 2255 petition until a § 2255 petition is filed because, until such a petition is filed, "there is no case or controversy to be heard, and any opinion" rendered would be advisory. United States v. Leon, 203 F. 3d 162, 164 (2d Cir. 2000); United States v. McFarland, 125 Fed. Appx. 573, 2005 WL 768731, *1, *1 (5th Cir. April 6, 2005) (unpublished); United States v. Moore, 56 Fed. Appx. 686, 2003 WL 180000, *1, *1 (6th Cir. Jan. 24, 2003) (unpublished); United States v. White, 257 Fed. Appx. 608, 007 WL 4302418, *1, *1 (4th Cir. Dec. 2, 2007) (unpublished). "A federal court [lacks] the power to render advisory opinions." United States Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., 508 U.S. 439, 446, 113 S. Ct. 2173; 124 L. Ed. 2d 402 (1993).

In order for the Court to have jurisdiction to rule on a motion such as this, the motion must be either: (1) filed with or after a § 2255 petition, or (2) construed as a § 2255 petition itself. See Green v. United States, 20 F.3d 78, 83 (2nd Cir. 2001) (noting that "where a motion, nominally seeking an extension of

Case 2:19-cr-00010-TSK-MJA Document 68 Filed 01/27/21 Page 5 of 8 PageID #: 394

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS (IN ADVANCE) FOR AN EXTENSION OF TIME IN
WHICH TO FILE A MOTION UNDER 28 U.S.C. § 2255
AND MOTION FOR TRANSFER**

time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief"); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (noting that the limitation period for a § 2255 motion is subject to equitable tolling where a prisoner has been precluded from compliance due to circumstances external to his own conduct). Where a motion to seeking to extend contains allegations sufficient to support a claim under 28 U.S.C. § 2255, it may be construed as a § 2255 motion. United States v. Curry, 213 F.3d 633 (Table), 2000 U.S. App. LEXIS 8744 (4th Cir. 2000) (unpublished).

Under certain circumstances, principles of equitable tolling may apply to excuse a failure to comply with the strict requirements of a statute of limitations, but those principles do not apply to overcome a jurisdictional bar where rigorous compliance with a time limit may be required as a precondition to jurisdiction over a matter. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). The time restriction in 28 U.S.C. § 2244(d) is a statute of limitations, a conclusion supported by both the language of the AEDPA itself -- "the limitations provisions do 'not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts,'" Id. at 328-29, quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394, 71

Case 2:19-cr-00010-TSK-MJA   Document 68   Filed 01/27/21   Page 6 of 8   PageID #: 395

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS (IN ADVANCE) FOR AN EXTENSION OF TIME IN
WHICH TO FILE A MOTION UNDER 28 U.S.C. § 2255
AND MOTION FOR TRANSFER**

L. Ed. 2d 234, 102 S. Ct. 1127 (1982) (analyzing Title VII provisions that specifies time for filing charges with the EEOC) -- and by its legislative history, which reveals an intent to create a statute of limitations, not a jurisdictional bar. Id. at 329, quoting Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir 1998). Nonetheless, even though equitable tolling is possible, only "rare and exceptional circumstances warrant equitably tolling limitations period.'" Green, 20 F.3d at 82-83.

Courts generally lack authority to issue a facility transfer upon motion from an inmate. 18 U.S.C. § 3621(b) provides that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate." See also Meachum v. Fano, 427 U.S. 215 (1976) (holding that prisoner transfer is within the sound discretion of the BOP).

IV. Discussion

On January 27, 2020, four days after Defendant Sites' sentencing hearing, this Court entered a Judgment and Commitment

Case 2:19-cr-00010-TSK-MJA Document 68 Filed 01/27/21 Page 7 of 8 PageID #: 396

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS (IN ADVANCE) FOR AN EXTENSION OF TIME IN
WHICH TO FILE A MOTION UNDER 28 U.S.C. § 2255
AND MOTION FOR TRANSFER**

Order. [ECF No. 60]. Because Defendant Sites did not file a direct appeal, his conviction became final on February 6, 2020, ten days from the date judgment was entered. See Sherrill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. Crim. P. 45(a). Accordingly, Defendant Sites has until February 17, 2021 to timely file a petition for habeas corpus. Defendant's letter motions recite no facts related to his sentence or incarceration, and contain no allegations supporting a claim for relief under § 2255. Since the motions do not allege sufficient grounds to constitute a cognizable claim under § 2255, it cannot be construed as a § 2255 motion. Defendant Sites still has approximately three (3) weeks before the one-year statute of limitations for timely filing of a habeas corpus petition will expire, and there is nothing on the face of Defendant Sites' letter motions reflecting circumstances so compelling that the application of future equitable tolling would be indicated.

It is apparent to the Court that Defendant Sites is being held on a $25,000.00 bond at Potomac Highlands Regional Jail with pending state charges against him in the Circuit Court of Pendleton County. To the extent Defendant Sites requests this Court to initiate a facility transfer, that request is also denied because the Court lacks authority to order such a transfer. 18 U.S.C. § 3621(b).

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS (IN ADVANCE) FOR AN EXTENSION OF TIME IN
WHICH TO FILE A MOTION UNDER 28 U.S.C. § 2255
AND MOTION FOR TRANSFER**

### V. Conclusion

For the reasons stated above, the defendant's letter motions for extension of time for filing a petition under 28 U.S.C. § 2255 are **DENIED** for lack of jurisdiction. [ECF Nos. 65, 66, 67]. Further, any request made by Defendant Sites regarding a transfer from his current facility to a federal correctional facility is also **DENIED**. Id.

**IT IS SO ORDERED.**

The Court directs the Clerk to mail a copy of Order to the pro se defendant by certified mail, return receipt requested, to his last known address as shown on the docket, and to transmit a copy of this Order to counsel of record.

DATED: January 27, 2021.

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE